IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 05-08-GMS |
| MARCUS SHARP, | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

Defendant, Marcus Sharp, by and through his undersigned counsel, Penny Marshall, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth Amendment of the United States Constitution, for an order suppressing for use by the government any and all evidence obtained as a result of the unlawful search and seizure of defendant on or about February 8, 2005.

As grounds for this motion, the defense submits as follows:

1. Upon information, on February 8, 2005, Mr. Marcus Sharp was arrested in the area of 1051 South Market Street. At the time of his arrest officers did not observe Mr. Sharp committing any crime and no warrant had been obtained specifying that Mr. Sharp had committed any law violation.

2. Delaware State Police searched and seized Mr. Sharp, obtaining evidence that may be used against him in this matter. The officers also searched a vehicle that Mr. Sharp was reportedly driving and located evidence that might be used against Mr. Sharp.

3. Mr. Sharp has been charged with possession of a firearm by a person prohibited in violation of 18 United States Code 922(g) and 924(a)(2).

4. The defense contends that the search and seizure of Mr. Sharp and the vehicle yielded items taken in violation of the United States Constitution.

5. The Fourth Amendment prohibits unreasonable searches and seizures. It is well-settled "that a search conducted without a warrant issued upon probable cause is *per se* unreasonable subject only to a few specifically established and well-delineated exceptions." Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) (quoting Katz v. United States, 389 U.S. 347, 357). Where no probable cause and no warrant exist for a subsequent search, suppression of any evidence recovered will be required. United States v. Roberson, 90 F.3d 75 (3d Cir. 1996); Hayes v. Florida, 105 S. Ct. 1643 (1985); United States v. Shaefer, Michael & Clairton 637 F.2d 200 (3rd Cir. 1980).

6. In a warrantless search case the government bears the burden of establishing that the search comes within one of the exceptions to the warrant requirements. Coolidge v. New Hampshire, 403 U.S. 443 (1971); United States v. Jeffers, 342 U.S. 48 (1951). However, there was not sufficient information to indicate that some exception applied.

7. If the evidence was seized as a result of an illegal search then the evidence obtained must be suppressed pursuant to the "fruit of the poisonous tree doctrine" as was expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

**WHEREFORE**, Mr. Sharp respectfully requests that this Court enter an order suppressing all evidence obtained as a result of the unlawful search and seizure of regarding Mr. Sharp.

Respectfully Submitted,

/s/ Penny Marshall

Penny Marshall, Esquire
Federal Public Defender
Federal Public Defender's Office
704 King Street, Suite 110
Wilmington, Delaware 19801
Attorney for Marcus Sharp

DATED:    March 4, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 05-08-GMS |
| | : | |
| MARCUS SHARP, | : | |
| | : | |
| Defendant. | : | |

## Order

The Court having considered Defendant Marcus Sharp's Motion to Suppress and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of March, 2005, that the evidence seized at the time of Marcus Sharp's arrest shall be suppressed.

_____
The Honorable Gregory M. Sleet
United States District Court Judge

## CERTIFICATE OF SERVICE

The undersigned attorney for Marcus Sharp hereby certifies that on March 4, 2005, two (2) copies of the attached Motion were placed in a box in the United States District Court of the District of Delaware addressed to the following person(s):

April Byrd, Esq.
Assistant U.S. Attorney
United States Attorney's Office
1007 Orange Street, Suite 700
Wilmington, DE 19801

Penny Marshall, Esquire
Federal Public Defender
Federal Public Defender's Office
704 King Street, Suite 110
Wilmington, Delaware 19801
Attorney for Marcus Sharp