IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : : | |
| v. | : : | Criminal Action No. 05-08-GMS |
| MARCUS SHARP, | : : | |
| Defendant. | : : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and April M. Byrd, Assistant United States Attorney for the District of Delaware, and Penny Marshall, attorney for the defendant, Marcus Sharp, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty in the United States District Court for the District of Delaware to Count III of the Indictment, which charges the defendant with possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c). The Government agrees to dismiss the remaining counts of the Indictment at or about the time of sentencing.



FILED

MAY 27 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2. The following maximum penalties are applicable: life imprisonment, with a mandatory minimum term of 5 years imprisonment consecutive to any other sentence imposed; 5 years supervised release; a $250,000 fine; and a $100 special assessment.

3. The elements of the offense are as follows:

- The defendant committed a drug trafficking crime for which he may be prosecuted in a Court of the United States; and

- The defendant knowingly possessed a firearm in furtherance of that crime.

4. The defendant admits that on or about February 8, 2005, he knowingly possessed a Colt, Python, .357 revolver, serial number 71377, and an Intratec, Model Tec-9, 9mm semiautomatic pistol, serial number 18348, in furtherance of his possession with intent to distribute crack cocaine.

5. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence, and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. §3553(a). The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.

6. Provided that the United States does not subsequently learn of conduct or statements by the defendant inconsistent with acceptance of responsibility, the United States agrees to a two-level reduction under United States Sentencing Guidelines § 3E1.1(a), and if the defendant's offense level is determined to be level 16 or greater, the United States agrees to an additional one-level reduction under United States Sentencing Guidelines § 3E1.1(b), based on the

defendant's conduct to date, and will so move the Court at sentencing.

7. The defendant agrees to pay at the time of sentencing any special assessment ordered by the Court.

8. If the Court orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

9. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and any subsequent proceeding.

10. The parties understand that the Court is not bound by any stipulation or recommendation reached by the parties. The defendant understands and agrees that he may not withdraw his guilty plea in the event that (1) the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or (2) he does not receive the benefits he expects from any such stipulation or recommendation.

11. The parties agree that this Memorandum of Plea Agreement supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

|  |  |
|---|---|
| /s/ Penny Marshall | COLM F. CONNOLLY<br>United States Attorney |
| Penny Marshall, Esquire<br>Attorney for Defendant<br>Marcus Sharp | BY: /s/ April M. Byrd<br>April M. Byrd<br>Assistant United States Attorney |

/s/ Marcus Sharp
Marcus Sharp
Defendant

Dated: May 27, 2005

AND NOW this 27TH day of May, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

/s/ Gregory M. Sleet
Honorable Gregory M. Sleet
United States District Court
District of Delaware